**02D02-2109-CT-000512**

Allen Superior Court 2

Filed: 9/27/2021 10:28 AM
Clerk
Allen County, Indiana
JS

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF ALLEN | ) | CAUSE NO._____ |

BRANDON GRAHAM,     )
                   )
     Plaintiff,        )
                   )
     v.                 )
                   )
STUFFED ZA LLC       )
dba GIORDANO'S      )
                   )
     Defendant(s).   )

## **COMPLAINT**

Plaintiff alleges against Defendant as follows:

1. The Plaintiff is Brandon Graham, a qualified employee of Defendant at all times material to this Charge. Plaintiff alleges that he was discriminated against on the basis of his disability and retaliated against for requesting reasonable accommodations in violation of his federally protected rights pursuant to the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA").

2. Defendant is Stuffed Za LLC dba Giordano's, a company doing business at 10180 Diebold Road, Fort Wayne, IN 46825. Defendant is an "employer" for the purposes of the ADA.

3. Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 4, 2021 (Charge No. 470-2021-02206), a copy of which is attached hetero, incorporated herein, and made a part hereof as "Ex A." The EEOC issued its Dismissal and Notice of Rights on June 29, 2021, a copy of which is attached

hereto and made a part hereof as "Ex. B." All jurisdiction prerequisites have been met, and all administrative remedies have been exhausted for the filing of this lawsuit.

4.  Plaintiff worked for Defendant from November 2, 2020, until his wrongful termination on or about December 6, 2020.   At the time of separation from employment Plaintiff's job title was "cook".

5.  Plaintiff suffers from a rare blood disorder that requires ongoing medical treatment and affects his ability to stand for long periods of time.   The disorder can lead to spontaneous internal bleeding in Plaintiff's joints, which quickly can become a life-threatening situation.

6.  On November 12, 2020, Plaintiff's doctor discovered that Plaintiff was suffering a bleed in his spine, and when the doctor discovered that Plaintiff was on his feet for 8-10 hour shifts at a time, provided Plaintiff a note requesting the reasonable accommodation of sitting occasionally as needed during his shifts for short periods of time to reduce the stress on his vertebrae.   Allowing these short (five minute) breaks would have caused no undue hardship on Defendant, and was a temporary accommodation only required until the damage in Plaintiff's spine was healed.

7.  Initially Defendant complied with the short break periods, and Plaintiff would sit in his car and use the seat warmers to ease the pain in his back. Plaintiff noticed that he was being treated as if he were lazy because of the need for the breaks.   Then a new company policy was instituted, as evidenced by a note taped to a door used by employees only, that stated "No Employees are allowed to leave the building without permission from management," which prevented Plaintiff from having the option to sit in his car while on

his breaks without first seeking permission each time to do so.   Plaintiff contends that this policy was invented in response to his need for accommodations to make it more difficult for Plaintiff to utilize the accommodation.

8. In late November, while on a ten-minute break, Plaintiff learned that his infant son had suffered a head injury and was being taken to a hospital; Plaintiff, frantic, called Defendant's phone and asked the person who answered the phone to clock him out, as he had a family emergency to attend to, and indicated he would not be back that day.

9. Prior to Plaintiff's next scheduled shift, Plaintiff learned that employees of Defendant, with whom he closely worked, had tested positive for Covid-19.   Plaintiff quarantined as required by local state and CDC guidelines, and was tested for Covid-19. On November 25, 2020 Plaintiff tested positive and notified Defendant of the positive result.

10. At the end of the required quarantine period Plaintiff called Defendant, spoke to Chef Russell Bry, and informed Mr. Bry that he was cleared to return to work.   Mr. Bry replied "Brandon? Oh . . . aren't you the kid who has all the medical issues and the hemophilia stuff? We need to have a talk. Come in on Sunday at 3," and hung up.

11. Plaintiff, believing he was returning to work, arrived at 3 p.m. on Sunday December 6, 2020, in uniform and attempted to clock in. He discovered his employee badge was inactive.   Mr. Bry led Plaintiff to a table in the customer seating area to discuss Plaintiff's employment.

12. During the discussion, Mr. Bry indicated that the doctor note regarding his accommodations was not sufficient and requested that Plaintiff get a note from a different doctor, claiming that the first note was not sufficient because it came from a specialist.

–3–

Then Mr. Bry accused Plaintiff of being dishonest on his application and failing to disclose that he would be unable "to work eight hours without having breaks." Plaintiff rebuked that statement, saying he could in fact work eight hours, but because of the spontaneous injury he needed the accommodations until he was healed.   Mr. Bry again insisted that he needed to see a new doctor's note that said Plaintiff was "100% healed" because Plaintiff was now "a liability."   Plaintiff protested, indicated he was being discriminated against, and said that the injury should not take away his "opportunity to be employed."   Mr. Bry again insisted that Plaintiff had to produce a note that indicated he was completely healed before he could return.   Mr. Bry indicated that once Plaintiff provided a note that indicated he was medically cleared to work he would be put back on the schedule.

13. On December 17, 2020 Plaintiff obtained a doctor's note from the specialist that he regularly saw to treat his disorder that specifically indicated "Brandon is medically cleared to work at Giordano's," as requested by Mr. Bry.   Plaintiff provided the note to Defendant.

14. Despite receiving the exact information requested regarding Plaintiff's ability to return to work, Defendant failed to allow Plaintiff to return.

15. Plaintiff alleges that he was discriminated and retaliated against on the basis of his disability and for complaining of the discrimination.

16. Defendant's discriminatory and retaliatory conduct was the direct and proximate cause of Plaintiff suffering the loss of his job- and job-related benefits, including income, and subjected him to emotional distress, inconvenience, embarrassment, mental anguish, and

other damages and injuries.   Plaintiff is entitled to compensatory damages, including reasonable attorney fees and costs.

17. Furthermore, Defendant's discriminatory and retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights pursuant to the ADA, warranting an imposition of punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant for compensatory damages, punitive and/or liquidated damages, reasonable attorney fees and costs, and all other just and proper relief.

**JURY DEMAND**

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**LAW OFFICE OF JENNIFER L. HITCHCOCK**

/s/ Jennifer L. Hitchcock
Jennifer L. Hitchcock, #34635-02
116 E. Berry Street, Suite 625
Fort Wayne, IN 46802
Telephone:     (260) 240-4644
Facsimile:     (260) 444-3441
E-mail:        Jennifer@jhitchcocklaw.com
Attorney for Plaintiff

03:56:11 p.m. 05-04-2021    4

**02D02-2109-CT-000512**
Allen Superior Court 2

Filed: 9/27/2021 10:28 AM
Equal Employment Opportunity Commission Clerk
Indianapolis District Office Allen County, Indiana
RECEIVED 05/04/2021 JS

May. 4. 2021   4:33PM
EEOC Chi..... (..0..)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☐ EEOC | 470-2021-02206 |

**Equal Employment Opportunity Commission** and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Brandon Graham | (260) 205-9482 | 08/03/1995 |

| Street Address | City, State and ZIP Code |
|---|---|
| 931 Seward Street | New Haven, IN 46774 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Giordano's | 20+ | (260) 366-4787 |

| Street Address | City, State and ZIP Code |
|---|---|
| 10180 Diebold Rd. | Fort Wayne, IN 46825 |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 11/13/2020 | 12/26/2020 |

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I.   The Complainant is Brandon Graham, a qualified employee of Respondent at all times material to this Charge. Complainant alleges that he was discriminated against on the basis of his disability and retaliated against for requesting reasonable accommodations in violation of his federally protected rights pursuant to the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA").

II.  Respondent is Giordano's, a company doing business at 10180 Diebold Road, Fort Wayne, IN 46825. Respondent is an "employer" for the purposes of the ADA.

III. Complainant worked for Respondent from November 2, 2020, until his wrongful termination on or about December 6, 2020. At the time of separation from employment Complainant's job title was "cook".

IV.  Complainant suffers from a rare blood disorder that requires ongoing medical treatment and affects his ability to stand for long periods of time. The disorder can lead to spontaneous internal bleeding in Complainant's joints, which quickly can become a life-threatening situation.

V.   On November 12, 2020, Complainant's doctor discovered that Complainant was suffering a bleed in his spine, and when the doctor discovered that Complainant was on his feet for 8-10 hour shifts at a time, provided Complainant a note requesting the reasonable accommodation of sitting occasionally as needed during his shifts for short periods of time to reduce the stress on his vertebrae. Allowing these short (five minute) breaks would have caused no undue hardship on Respondent, and was a temporary accommodation only required until the damage in Complainant's spine was healed.

VI.  Initially Respondent complied with the short break periods, and Complainant would sit in his car and use the seat warmers to ease the pain in his back. Complainant noticed that he was being treated as if he were lazy because of the need for the breaks. Then a new company policy was instituted, as evidenced by a note taped to a door used by employees only, that "No Employees are allowed to leave the building without permission from management," which prevented Complainant from having the option to sit in his car while on his breaks without first seeking permission each time to do so. Complainant contends that this policy was invented in response

03:56:11 p.m. 05-04-2021    5

May. 4. 2021  4:33PM

Equal Employment Opportunity Commission
Indianapolis District Office
RECEIVED 05/04/2021

to his need for accommodations to make it more difficult for Complainant to utilize the accommodation.

VII.   In late November, while on a ten-minute break, Complainant learned that his infant son had suffered a head injury and was being taken to a hospital; Complainant, frantic, called Respondent's phone and asked the person who answered the phone to clock him out, as he had a family emergency to attend to, and indicated he would not be back that day.

VIII.   Prior to Complainant's next scheduled shift, Complainant learned that employees of Respondent, with whom he closely worked, had tested positive for Covid-19. Complainant quarantined as required by local state and CDC guidelines, and was tested for Covid-19. On November 25, 2020 Complainant tested positive and notified Respondent of the positive result.

IX.   At the end of the required quarantine period Complainant called Respondent, spoke to Chef Russell _____, and informed Russell that he was cleared to return to work. Russell replied "Brandon? Oh . . . aren't you the kid who has all the medical issues and the hemophilia stuff? We need to have a talk. Come in on Sunday at 3," and hung up.

X.   Complainant, believing he was returning to work, arrived at 3 p.m. on Sunday December 6, 2020, in uniform and attempted to clock in. He discovered his employee badge was inactive. Russell led Complainant to a table in the customer seating area to discuss Complainant's employment.

XI.   During the discussion, Russell indicated that the doctor note regarding his accommodations was not sufficient and requested that Complainant get a note from a different doctor, claiming that the first note was not sufficient because it came from a specialist. Then Russell accused Complainant of being dishonest on his application and failing to disclose that he would be unable "to work eight hours without having breaks." Complainant rebuked that statement, saying he could in fact work eight hours, but because of the spontaneous injury needed the accommodations until he was healed. Russell again insisted that he needed to see a new doctor's note that said Complainant was "100% healed" because Complainant was now "a liability." Complainant protested indicated he was being discriminated against and said that the injury should not take away his "opportunity to be employed." Russell again insisted that Complainant had to produce a note that indicated he was completely healed before he could return. Russell indicated once Complainant provided a note that indicated he was medically cleared to work he would be put back on the schedule.

XII.   On December 17, 2020 Complainant obtained a doctor's note from the specialist that he regularly saw to treat his disorder that specifically indicated "Brandon is medically cleared to work at Giordano's," as requested by Russell. Complainant provided to note to Respondent.

XIII.   Despite receiving the exact information requested regarding Complainant's ability to return to work, Respondent failed to allow Complainant to return.

XIV.   Complainant alleges that he was discriminated and retaliated against on the basis of his disability and for complainant of the discrimination.

XV.   Respondent's discriminatory and retaliatory conduct was the direct and proximate cause of Complainant suffering the loss of his job- and job-related benefits, including income, and subjected him to emotional distress, inconvenience, embarrassment, mental anguish, and other damages and injuries. Complainant is entitled to compensatory damages, including reasonable attorney fees and costs.

XVI.   Furthermore, Respondent's discriminatory and retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of Complainant's federally protected rights pursuant to the ADA, warranting an imposition of punitive damages.

03:56:11 p.m. 05-04-2021    6

May. 4. 2021  4:34PM

Equal Employment Opportunity Commission
Indianapolis District Office
RECEIVED 05/04/2021

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

470-2021-02206

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

5/04/2021
Date

Brandon S. Graham
Charging Party Signature

05/04/2021


CRYSTAL M. LUTES
My Commission Expires
08-31-2025
NOTARY PUBLIC SEAL
Allen County
Commission Number NP0720382
STATE OF INDIANA

**02D02-2109-CT-000512**

EEOC Form 161 (11/2020)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Filed: 9/27/2021 10:28 AM
Clerk
Allen County, Indiana
JS

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Brandon Graham<br>931 Seward Street<br>New Haven, IN 46774 | From: | Indianapolis District Office<br>101 West Ohio Street<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2021-02206 | **Marc A. Fishback,**<br>**Enforcement Supervisor** | **(463) 999-1179** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

**Marc Fishback**  Digitally signed by Marc Fishback
Date: 2021.06.29 08:52:47 -04'00'

| Enclosures(s) | **for Michelle Eisele,**<br>**District Director** | *(Date Issued)* |
|---|---|---|

cc:

| Tom Fife, Owner<br>Stuffed Za, LLC<br>10180 DIEBOLD RD<br>Fort Wayne, IN 46825 | Jennifer Hitchcock<br>HITCHCOCK LAW<br>116 E. Berry Street<br>Suite 625<br>Fort Wayne, IN 46802 |
|---|---|